**UNITED STATES**

v.

**David L. MICHAEL, 413 17 7210, Lance Corporal (E–3), U. S. Marine Corps.**

**NCM 77 2203.**

U. S. Navy Court of Military Review.

Sentence Adjudged 29 Aug. 1977.

Decided 17 March 1978.

CDR S. Gaeta, Jr., JAGC, USN, Appellate Defense Counsel.

LT Christine M. Yuhas, JAGC, USN, Appellate Government Counsel.

Before NEWTON, GLADIS and GRANGER, JJ.

NEWTON, Senior Judge:

The accused is convicted of a 7-day unauthorized absence, larceny of certain Government property valued at about $800, and housebreaking. His sentence as previously approved consists of a bad conduct discharge, 4 months confinement, forfeiture of $250 each month for 5 months with one month thereof suspended, and reduction to pay grade E–1.

The accused complains that the military judge improperly limited his allocution rights at trial, by refusing to allow the accused to make an unsworn statement at the presentence proceeding by responding to questions posed by his counsel. He prays that the sentence be set aside due to that argued error.

The military judge did refuse to allow the accused to catechize his unsworn presentencing statement. However, he did allow the accused to present an unsworn statement to the court, and granted a recess to allow time to prepare the solo presentation.

It seems clear from the numerous cases which come to this Court, where the procedure is used, that the question-answer form of unsworn statement is acceptable under the provisions of para. 75, M.C.M., 1969 (Rev.). *See, United States v. Wheeler*, 36 C.M.R. 804 (C.G.B.R.1965); *United States v. Cunningham*, 45 C.M.R. 410 (A.C. M.R.1972); *United States v. Eggleton*, 48 C.M.R. 502 (A.C.M.R.1974). We therefore consider the trial judge's stricture to have been in error. No useful purpose is seen fulfilled in prohibiting that method of making an unsworn statement. In fact, it seems a useful tool where low intelligence or fear might prevent full disclosure of an accused's thoughts if the procedure is not allowed.

However, given the error we test for prejudice and find none. The accused fails to show where or how he was prejudiced by the procedures utilized. As a consequence, we deny the relief sought.

There are no findings in this record as to Charge I and its specification although the accused was arraigned on that charge. We correct that error.

The accused is found not guilty of Charge I and the specification thereunder. That charge is dismissed. The remaining findings of guilty and the sentence as previously approved and set out above are affirmed.

Judge GLADIS concurs.

Judge GRANGER (ABSENT).